Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
528 Grand Avenue
Oakland, California 94610
Telephone:    (510) 329-2140
Facsimile:     (510) 580-9410
E-Mail:        yhuang.law@gmail.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JAMES WEAVER, JR., on behalf of himself individually and as guardian for his two children, JW III, a minor child and LW, a minor child and JAMES WEAVER, SENIOR, on behalf of his granddaughter, JW, a minor child. | Case No. 2:20-cv-00990-JAM-JDP |
| | **STIPULATION FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION; ORDER** |
| Plaintiffs, | Hon. John A. Mendes, Presiding |
| vs. | Case Filed:  5/15/2020 |
| CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, KEVIN HACHLER, ERIC JONES and DOES 1 to 50, | |
| Defendants. | |

WHEREAS the parties in the above-captioned action (the "Litigation") are engaged in discovery proceedings, which include, depositions and producing documents; and

WHEREAS, these discovery proceedings will necessarily involve the production of certain information that the parties to the Litigation believe to be confidential and sensitive financial and personal information:

IT IS HEREBY STIPULATED AND AGREED, by the Parties, through their undersigned counsel, subject to the approval of the Court, as follows:

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141.1 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 House Counsel: attorneys who are employees of a party to this action. House Counsel

does not include Outside Counsel of Record or any other outside counsel.

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

   3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation

of this Order, including becoming part of the public record through trial or otherwise; and

(b) any information known to the Receiving Party prior to the disclosure or obtained by the

Receiving Party after the disclosure from a source who obtained the information lawfully

and under no obligation of confidentiality to the Designating Party. Any use of Protected

Material at trial shall be governed by a separate agreement or order.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this

Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of

all claims and defenses in this action, with or without prejudice; and (2) final judgment

herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

reviews of this action, including the time limits for filing any motions or applications for

extension of time pursuant to applicable law.

## 5. ACCESS TO AND USE OF PROTECTED MATERIAL

5.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or

produced by another Party or by a Non-Party in connection with this case only for

prosecuting, defending, or attempting to settle this litigation. Such Protected Material may

be disclosed only to the categories of persons and under the conditions described in this

Order. When the litigation has been terminated, a Receiving Party must comply with the

provisions of section 9 below (FINAL DISPOSITION). Protected Material must be stored

and maintained by a Receiving Party at a location and in a secure manner that ensures that

access is limited to the persons authorized under this Order.

5.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

the court or permitted in writing by the Designating Party, a Receiving Party may disclose

any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

said Outside Counsel of Record to whom it is reasonably necessary to disclose the

information for this litigation and who have signed the "Acknowledgment and Agreement

1  to Be Bound" that is attached hereto as Exhibit A;

2  (b) the officers, directors, and employees (including House Counsel) of the Receiving

3  Party to whom disclosure is reasonably necessary for this litigation and who have signed

4  the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5  (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

6  reasonably necessary for this litigation and who have signed the "Acknowledgment and

7  Agreement to Be Bound" (Exhibit A);

8  (d) the court and its personnel;

9  (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and

10  Professional Vendors to whom disclosure is reasonably necessary for this litigation and

11  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12  (f) during their depositions, witnesses in the action to whom disclosure is reasonably

13  necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

14  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.

15  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

16  Material must be separately bound by the court reporter and may not be disclosed to

17  anyone except as permitted under this Stipulated Protective Order.

18  (g) the author or recipient of a document containing the information or a custodian or other

19  person who otherwise possessed or knew the information.

20      6.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

21  OTHER LITIGATION

22  If a Party is served with a subpoena or a court order issued in other litigation that compels

23  disclosure of any information or items designated in this action as "CONFIDENTIAL,"

24  that Party must:

25  (a) promptly notify in writing the Designating Party. Such notification shall include a copy

26  of the subpoena or court order;

27  (b) promptly notify in writing the party who caused the subpoena or order to issue in the

28  other litigation that some or all of the material covered by the subpoena or order is subject

to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

7.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8.     MISCELLANEOUS

8.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

8.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**STIPULATION FOR PROTECTIVE ORDER AND ORDER**
*James Weaver, Jr. et al  v. City of Stockton,*  United States District Court, Eastern District of California, Case No. 2:20-CV-00990-JAM-JDP

8.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.1.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141.1 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 141.1 unless otherwise instructed by the court.

9. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

10.  MATERIALS DESIGNATED AS CONFIDENTIAL.

The parties, by and through their counsel, hereby designate the following materials as confidential:

a)  Plaintiff KW, a minor; all school records pertaining to any Individualized Education Plan;

1      b) Plaintiff KW, a minor: all DOCUMENTS from social workers, counselors, therapists,

2  psychologists, psychiatrists, clinical psychologists or mental health providers;

3      c) Plaintiff JAMES WEAVER, JR.: any and all tax return documents or documents related to

4  tax returns.

5      Additional materials may be designated by the parties through stipulation of counsel, and will

6  be subject to the terms and conditions of the Order of this Court, issued as a result of this stipulation.

7  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD,

8

9  Dated: July 1, 2021

10

11

12                             By: __/s/ Yolanda Huang_____

13                                  YOLANDA HUANG
                                   Attorneys for Plaintiff

14

15

16  Dated: July 7, 2021               JOHN M. LUEBBERKE
                                   CITY ATTORNETY

17

18                             By: _____/s/ Jamil. R. Ghannam_____

19                                  JAMIL R. GHANNAM
                                   DEPUTY CITY ATTORNEY

20

21                             Attorneys for Defendnts
                              CITY OF STOCKTON, STOCKTON POLICE

22                             DEPARTMENT, KEVIN HACHLER and ERIC

23                             JONES

24

25

26

27

28

8

ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated: July 7, 2021                              /s/ John A. Mendez
                                    THE HONORABLE JOHN A. MENDEZ
                                    UNITED STATES DISTRICT COURT JUDGE

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or

type full address], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the Eastern District

of California on [date] in the case of _____ **[insert formal name of the case and the number**

**and initials assigned to it by the court].** I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective Order to

any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District

of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

**STIPULATION FOR PROTECTIVE ORDER AND ORDER**
*James Weaver, Jr. et al  v. City of Stockton,*  United States District Court, Eastern District of California, Case No. 2:20-CV-00990-JAM-JDP