Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
528 Grand Avenue
Oakland, California 94610
Telephone:   (510) 329-2140
Facsimile:   (510) 580-9410
E-Mail:      yhuang.law@gmail.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

JAMES WEAVER, JR., on behalf of himself individually and as guardian for his two children, JW III, a minor child and LW, a minor child and JAMES WEAVER, SENIOR, on behalf of his granddaughter, JW, a minor child.

          Plaintiffs,

vs.

CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, KEVIN HACHLER, ERIC JONES and DOES 1 to 50,

          Defendants.

Case No. 2:20-cv-00990-JAM-JDP

**PLAINTIFFS' REPLY TO OPPOSITION TO MOTION TO EXCLUDE EXPERT TESTIMONY OF GEORGE WILLIAMS**

Date: May 17, 2022
Time: 1:30 p.m.
Courtroom: 6

Hon. John A. Mendez, Presiding

Case Filed:  5/15/2020

1

## I.    <u>INTRODUCTION</u>

In their Opposition to Plaintiffs' Countermotion to Exclude Expert Testimony of George Williams, Defendants do not dispute that Williams' testimony is not relevant nor reliable, and even invite the Court to disregard his testimony in support of Defendants' motion for summary judgment.  Nor do Defendants' dispute that Williams may not testify as to which version of facts is true or give legal conclusions, as he purports to do in his expert report.

Regarding Williams' qualifications, Defendants concede that Williams is a self-described "autodidact" who learned by talking to people; has never been a peace officer in any capacity; has never carried out nor executed a security detail; has no college degree; has never served in the military; has not received any formal, legal education; has had no formal training nor background in vehicle operations or the California vehicle code; and has had only a few hours of training in bias.  Nevertheless, Defendants argue that Williams is qualified to give such opinions as whether Defendant Ofc. Hachler's actions were a reasonable use of force; whether Hachler acted under color of authority; whether Plaintiffs were reasonably detained; and whether there is any evidence of racial animus.  As set forth in Plaintiff's moving papers, such opinions are improper for any expert, and especially for Williams.

Moreover, Defendants misrepresent Williams' qualifications.  Williams' deposition indicates that Williams, contrary to Defendants' assertions, has never completed the California Peace Officer Standards Training (POST); has never completed any comprehensive peace officer training; is not a POST certified peace officer; and is not qualified to operate in the field independently as a peace officer (Deposition of George Williams ("Williams Depo.") 24:7-11; 27:12-29:12).)

Contrary to Defendants assertions, this Countermotion is properly made.  It is "related to the general subject matter of the original motion" which is whether Plaintiffs' civil rights claims stemming from Ofc. Hachler's abusive use of force, ratified by the other Defendants and reflected in their practices and policies, are subject to summary judgment.  E.D. Local Rule 230(e). Williams offers improper expert testimony in support of Defendants' summary judgment motion.

In the motion, Defendants argue, with the support of Williams' testimony, that Ofc. Hachler acted appropriately as a matter of law.

The Court should exclude Williams' testimony.

### III.     WILLIAMS' TESTIMONY IS NOT RELEVANT NOR RELIABLE

Defendants do not dispute that Williams' testimony is not relevant nor reliable, and even suggest that the court disregard his testimony in support of Defendants' motion for summary judgment.  (Opp. 1 ("The Court . . . can ignore the reference to Mr. Williams' testimony [in Defendants' Motion for Summary Judgment].").)

As set forth in Plaintiffs' moving papers, disputed factual issues within the province of a jury are not relevant topics for expert testimony, because such testimony usurps a critical function of the jury, is not helpful to the jury, and is prejudicial and unduly influences the jury. *U.S. v. Hill*, 749 F.3d 1250, 1258-59 (10th Cir. 2014).  *See*, *e.g.*, *Hutchison v. Cutliffe*, 344 F. Supp. 2d 219 (D. Me. 2004) (police practices expert should not testify as to one side's version of the facts, as opposed to the other side's); *Nimely v. City of New York*, 414 F.3d 381, 398 (2d Cir.2005) (expert opinions that constitute evaluations of witness credibility, even when such evaluations are rooted in scientific or technical expertise, are inadmissible under Rule 702). *See also United States v. Binder*, 769 F.2d 595, 602 (9th Cir.1985), and *United States v. Barnard*, 490 F.2d 907, 912-13 (9th Cir.1973).

In addition, where an expert's testimony simply draws legal conclusions by applying law to facts, the testimony is not relevant and should be excluded because it supplies the jury with no information other than the witness's view of how the verdict should be read. *U.S. v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011).  *See*, *e.g.*, *Hygh v. Jacobs*, 961 F.2d 359 (2d Cir. 1992) (police practices expert may not testify to the ultimate legal conclusion); *Schmidt v. City of Bella Villa*, 557 F.3d 564, 570 (8th Cir. 2009) (police practice expert cannot testify as to legal conclusions regarding the reasonableness of conduct in light of Fourth Amendment standards); *Peterson v. City of Plymouth*, 60 F.3 469 (8th Cir. 1995) (improper for expert to testify as to probable cause); *See Rogers v. Bonnett*, Slip Copy, 2009 WL 2461820 (W.D.Tex. Aug. 11, 2009) (expert witnesses

may not testify whether the use of police force is "reasonable") *citing United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003) and *United States v. Teel*, 299 Fed. Appx. 387 (5th Cir. 2008).

As set forth in detail in Plaintiffs' moving papers, Williams opines on disputed factual issues that are the province of the jury and improperly gives legal conclusions in the guise of expert opinions. To list just a few of these improper opinions, Williams opines that Defendant Ofc. Hachler's actions were a reasonable use of force; that Hachler acted under color of authority; that Plaintiffs were reasonably detained; and that there was no evidence of racial animus. Moreover, as the court in *Guerra v. Bellino and Bexar Cty.*, 2015 WL 9413892 (W.D. Tex. Dev. 21, 2015) found, Williams' methodology and reasoning underlying his opinions are not scientifically reliable. *Guerra* excluded Mr. Williams' testimony for that reason, not just because Williams had not previously been qualified as an expert witness, as Defendants' assert (Opp. 4). *See*, *e.g.*, *Guerra*, *supra* ("[I]t has not been established that Mr. Williams' reasoning or methodology underlying his testimony on the use of deadly force and human factors is scientifically reliable. The County's mere reliance that Mr. Williams has authored various publications is insufficient; the expert's reasoning or methodology underlying his testimony must be scientifically reliable. Plaintiffs' motion to exclude the testimony of George Williams is granted.").

The Court should exclude Williams' testimony.

## IV.    <u>WILLIAMS IS NOT QUALIFIED</u>

Regarding Williams' qualifications, Defendants concede that Williams is a self-described "autodidact" who learned by talking to people (Williams Depo. 23:3-16, 21-24); has never been a peace officer in any capacity (Williams Curriculum Vitae); has never carried out nor executed a security detail (Williams Curriculum Vitae); has no college degree (Williams Deposition 16:1-4); has never served in the military (Williams Curriculum Vitae); has not received any formal, legal education (Williams Curriculum Vitae); has had no formal training nor background in vehicle operations or the California vehicle code (Williams Curriculum Vitae); and has had only a few hours of training in bias. (Williams Depo. 50:1-51:10)

Moreover, Defendants misrepresent Williams' qualifications. Williams' deposition indicates that he, contrary to Defendants' assertions, has never completed the California Peace Officer Standards Training (POST); has never completed any comprehensive peace officer training; is not a POST certified peace officer; and is not qualified to operate in the field independently as a peace officer (Deposition of George Williams ("Williams Depo.") 24:7-11; 27:12-29:12) ("Q. So is it fair to say that you are not POST certified, that you've never been POST certified? A. . . . [I]f you're asking did I . . . ever get a basic [POST] certificate as a police officer, no I did not. Because I've never been a police officer.").

Despite defendants' assertion that George Williams is a "master trainer", the POST website clearly states that to be a master trainer, which is the highest level, or the Level 4 trainer, one has to have completed all the prior levels, to wit: all the lower levels of trainer instruction. Level 1or the Basic Instructor Certificate program's requirements include the POST basic course. (See Dec. of Yolanda Huang §§2,3,4.) George Williams has never completed even the most basic and fundamental POST training. The Court should exclude Williams' testimony.

## V.    **CONCLUSION**

For all of the above reasons, the Court should exclude the testimony of Defendants' expert, George Williams, and not consider any of Mr. Williams' opinions.

Dated: May 20, 2022                          LAW OFFICE OF YOLANDA HUANG

By:____*/s/ Yolanda Huang*_____
                    YOLANDA HUANG
                    Attorney for Plaintiff

**REPLY TO OPPOSITION TO MOTION TO EXCLUDE EXPERT TESTIMONY OF GEORGE WILLIAMS**
*James Weaver, Jr. et al v. City of Stockton,* United States District Court, Eastern District of California, Case No. 2:20-CV-00990-JAM-JDP