Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
528 Grand Avenue
Oakland, California 94610
Telephone:     (510) 329-2140
Facsimile:     (510) 580-9410
E-Mail:          yhuang.law@gmail.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JAMES WEAVER, JR., on behalf of himself individually and as guardian for his two children, JW III, a minor child and LW, a minor child and JAMES WEAVER, SENIOR, on behalf of his granddaughter, JW, a minor child. <br><br><br> Plaintiffs, <br><br> vs. <br> CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, KEVIN HACHLER, JAMES JONES and DOES 1 to 50, <br><br><br> Defendants. | Case No. 2:20-cv-00990-JAM-JDP <br><br> **PLAINTIFFS SUPPLEMENTAL BRIEF IN COMPLIANCE WITH THIS COURT'S ORDER (ECF. 75) IN SUPPORT OF MOTION FOR FINDING OF FACTUAL INNOCENCE** <br><br> Hon. John A. Mendez, Presiding <br><br> Case Filed:  5/15/2020 |

**STATEMENT OF FACTS**

Plaintiff, Weaver filed this complaint on May 15, 2020, pursuant to 42 U.S.C. 1983, alleging that one year earlier, on May 25, 2019, defendant Kevin Hachler, an off-duty City of Stockton police officer  had assaulted him by drawing a handgun, wrongfully throwing him to the ground, wrongfully arresting him, and falsely accused Plaintiff Weaver of felony assault with his automobile. In addition to claims under 42 U.S.C. §1983, plaintiffs asserted violations of the Fourteenth Amendment rights under the United States and his rights under California Constitution (Art. 1, §7), as well as a claim for false arrest and false imprisonment under California law, and violation of the

1

Bane Act (Cal. Civ Code ¶52.1, Cal. Gov¶¶ 815.2(a) and 820(a)). Plaintiffs asserted that this Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S. C § 1367.  Plaintiffs requested damages and injunctive relief.  After defendants filed their motion to dismiss, the Court dismissed the claims pursuant to the Fourteenth Amendment, upheld the remainder of plaintiffs' claims, and retained jurisdiction over the state law claims.

Following the completion of briefing on defendants' motion for summary judgment, the parties entered into settlement negotiations which included a provision that plaintiff could apply for a court finding of factual innocence pursuant to California Penal Code Section 851.8, which defendants would not oppose.

This Court has requested additional briefing "setting forth the jurisdictional basis on which this Federal Court may issue a declaration of factual innocence under a State penal code".  (ECF 75)

2.    **FEDERAL COURTS HAVE PENDANT JURISDICTION TO RESOLVE STATE LAW CLAIMS**

Federal district courts have jurisdiction over actions arising under federal law; and pendant jurisdiction over state law issues arising from the same set of facts.   28 U.S.C. §1331.  The test for pendant jurisdiction is whether there is a  "nucleus of operative fact".  The Supreme Court in *United Mine Workers v. Gibbs* 383 U.S. 715, 725 (1966) stated that "state law claims are appropriate for federal court determination if they form a separate but parallel ground for relief also sought in a substantial claim based on federal law." The Court distinguished permissible from nonpermissible exercises of federal judicial power over state law claims by contrasting "where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the non-federal *ground*" [emphasis in the original] *United Mine Workers v. Gibbs*, supra at 722

False arrest claims, under state law, which formed a foundational piece of plaintiffs' claims are appropriate for federal courts to exercise supplemental jurisdiction.  Trial courts have retained jurisdiction over state law claims, which included allegations of battery, assault, and false arrest, stemming from same incidents that comprised plaintiff's 42 USCS § 1983 claims against two sheriff's deputies, even though court dismissed § 1983 claims against sheriff's department. *Nelson v. County of Sacramento*, 926 F. Supp. 2d 1159, 2013 U.S. Dist. LEXIS 26243 (E.D. Cal. 2013), dismissed in part, 2013 U.S. Dist. LEXIS 87201 (E.D. Cal. June 19, 2013).  In *Nelson,* the trial court retained supplemental jurisdiction over the plaintiffs' state law claims against the sheriff's

department because "the state law claims remain part of the same case or controversy." *Nelson v. County of Sacramento*, supra at 1170. See also *Heenan v. Leo,* 525 F. Supp. 2d 110, 2007 U.S. Dist. LEXIS 87857 (D.D.C. 2007). *Heenan* was a 42 U.S.C. §1983 action against a police department. There, the district court properly retained supplemental jurisdiction over protestor's state law claims of assault and battery, even when judicial economy weighed in favor of dismissal,

The holding in *Gibbs* was subsequently codified in 1990 when Congress enacted 28 U.S. 1367(a), which states in part: "a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, *in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution*. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." [emphasis added]

A federal court may decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. 1367(c)

None of the exceptions apply to the present case. There are no compelling reasons for the court to decline jurisdiction, especially since the Court retained jurisdiction from the beginning of this case. This present case was pled and arose under a claim of a violation of 42 U.S.C. §1983 and this Court, has supplemental jurisdiction over state law matters arising from the same set of facts.

In a §1983 action against police department, the district court properly retained supplemental jurisdiction over protestor's state law claims of assault and battery, even when judicial economy weighed in favor of dismissal, *Heenan v. Leo,* 525 F. Supp. 2d 110, 2007 U.S. Dist. LEXIS 87857 (D.D.C. 2007).

Cases where retention of jurisdiction were denied are where retention of jurisdiction is inconsistent with 28 U.S.C.S 1367(B) and would destroy diversity jurisdiction. *ARE Sikeston Ltd. Pshp v. Weslock Nat'l* 120 F3d 820, (8th Cir. 1997). See also *Baker v. Westin Rio Mar Beach Resort*

194 F.R.D. 393 (D.P.R. 2000) (Limitation of 28 U.S.C.S. 1367(b) applies only to efforts to join nondiverse parties.)

Since the present case was pled and arose under a claim of a violation of 42 U.S.C. 1983, there are no issues of diversity jurisdiction, and the request for a finding of factual innocence arises out of the core incident and the core issues of this case, this Court, has pendent jurisdiction over the state law issues arising from the same set of facts.

### 3. FEDERAL COURTS HAVE AUTHORIZATION TO INDEPENDENTLY FIND FACTUAL INNOCENCE

Federal courts can and have exercised their Article III jurisdiction to make determinations of factual innocence.  The federal cases on issues of factual innocence have been in the context of habeas petitions. See *Stephens v. Herrera*, 464 F.3d 895 (9th Cir. 2006)  "'[A]ctual innocence means factual innocence, not mere legal insufficiency." [citing *Bousley v United States* 523 U.S. 614, 623 (1998)]. *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir.  2012)

### 4. THIS COURT CAN MAKE A DETERMINATION OF FACTUAL INNOCENCE UNDER BOTH OR EITHER OF THE FEDERAL COURTS' INHERENT POWERS OR SUPPLEMENTAL JURISDICTION

This Court has powers arising from its inherent powers pursuant to Article III of the United States Constitution and under its supplemental powers pursuant to 28 U.S.C. 1367(c) to determine that Plaintiff James Weaver, per California Penal Code §851.8 is factually innocent of the allegations made by defendant Kevin Hachler when he arrested plaintiff James Weaver, namely that James Weaver had committed felony assault.  Under the federal standards, in the context of habeas petitions, federal courts have held that the standard of "factual innocence" is  defined as "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. [cite omitted]'" *Stephens*, supra. 464 F.3d at 898.

Under the federal standard, because the San Joaquin County district attorney declined to charge, and stated that at most, plaintiff Weaver was guilty of an unsafe lane change, there are no physical facts in support or other witnesses besides defendant Hachler's testimony, and defendants' non-objection to a finding of factual innocence, the facts in this case clearly meet the federal standard that "it is more likely than not" that no reasonable juror would have convicted Plaintiff Weaver.  A finding of factual innocence is appropriate and warranted.

There is no legal reason for this Court to abstain from rendering a decision or to defer to state court.   On issues of state law, federal courts are directed to abstain if there  are unclear state laws or

issues of paramount interest to the state.  See, e. g., *Askew v. Hargrave*, 401 U.S. 476, 91 S. Ct. 856, 28 L. Ed. 2d 196 (1971); *Reetz v. Bozanich*, 397 U.S. 82  (1970); *R. R. Comm'n v. Pullman Co.,* 312 U.S. 496  (1941).  However, " if such factors are not present in suit, it is not enough to justify abstention that state courts are as competent to decide federal questions as are federal-courts." [ citing *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S. Ct. 507, 27 L. Ed. 2d 515 (1971). *Zwickler v. Koota,* 389 U.S. 241, 248, 88 S. Ct.   391, 19 L. Ed. 2d 444 (1967).]  *Gere v. Stanley*, C.A.3 (Pa.) 1971, 453 F.2d 205.  ("We would negate the history of the enlargement of the jurisdiction of the federal district courts, if we held the federal court should stay its hand and not decide the question before the state courts decided it." *Wisconsin v. Constantineau,* 400 U.S. 433, 439 (1971)

A.  Plaintiff Weaver Is Asking Only For A Determination of Factual Innocence

Plaintiff Weaver is asking the court for a determination that he is factually innocent and for an order that he is relieved of the obligation to declare his arrest on any future employment or licensing applications.

B.  Plaintiff Weaver is Not Requesting an Order Mandating State or Local Actions.

Penal Code §851.8 provides for destruction of arrest records.  Mindful of jurisdictional and institutional issues, and to avoid administrative cross-hairs; Plaintiff Weaver is not requesting the Court to order state and local agencies to seal or expunge Plaintiff's Weaver's arrest record.  Instead, plaintiff Weaver is requesting, pursuant to the Settlement Agreement, for a judicial determination of factual innocence.  The reference and incorporation to Penal Code §851.8 is to provide a reference point since there is no such framework under the federal system.

If the court declines to exercise its supplemental jurisdiction to deem plaintiff Weaver factually innocent pursuant to Penal Code §851.8, then plaintiff Weaver requests that the Court, under its inherent Article III powers,  deem him factually innocent of the allegations of the arrest made on May 25, 2019, with an Incident Report number of. 19-21676, to a violation of California Penal Code §245(a); felony assault.

5.  **CONCLUSION**

Whereas this court has jurisdiction under both its inherent federal powers and pursuant to 28 U.S.C. 1367(c) ,to make a determination that Plaintiff James Weaver is factually innocent, and there are no facts that James Weaver committed felony assault, and where it is more likely than not, that Plaintiff James Weaver would not have been convicted of felony assault, it is appropriate for this

Court to Find that James Weaver is factually innocent of the arresting charge of a violation of California Penal Code 245(a), a felony assault.

Respectfully submitted,

Dated:  Nov. 4, 2022                              LAW OFFICE OF YOLANDA HUANG

                                    ___*/s/ Yolanda Huang*_____
                                    By: Yolanda Huang
                                    Attorney for Plaintiff James Weaver

6